**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VALARY WILLIAMS, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number CIV-05-209-C |
| | ) | |
| HORACE MANN INSURANCE | ) | |
| COMPANY, a foreign insurance | ) | |
| corporation doing business in the | ) | |
| State of Oklahoma, and | ) | |
| ALLEGIANCE INSURANCE | ) | |
| COMPANY, a foreign insurance | ) | |
| company doing business in the | ) | |
| State of Oklahoma, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is a Motion for Remand for Lack of Subject Matter Jurisdiction

filed by Plaintiff Valary Williams (Williams). Defendants Horace Mann Insurance Company

and Allegiance Insurance Company (Defendants) filed a response; therefore, the matter is

ripe for disposition. The Court considered the submissions of the litigants and now **DENIES**

Williams' Motion for Remand for Lack of Subject Matter Jurisdiction.

### BACKGROUND

Williams originally filed suit in the District Court of Kay County, State of Oklahoma,

seeking damages for breach of contract, bad faith, and punitive damages. Relying on 28

U.S.C. §§ 1441 and 1446(b), Defendants timely removed the suit to the United States District

Court for the Western District of Oklahoma upon their receipt of Williams' responses to

Defendants' request for admissions.  Williams argues that the Court lacks subject matter

jurisdiction; therefore, the Court should remand the suit to state court.  Defendants argue that

removal is proper because the Court has subject matter jurisdiction pursuant to the diversity

statute, 28 U.S.C. § 1332.

## DISCUSSION

**I.      The Court's Subject Matter Jurisdiction Over the Removed Suit.**

The litigants' dispute centers upon a single narrow issue—whether the requisite

amount in controversy exceeds $75,000.[*]  Defendants argue that Williams admitted, by

default, a request for admission that her claims exceed $75,000, and that Williams' requested

relief could result in a verdict in excess of $75,000; therefore, the jurisdictional amount is

established and the Court has subject matter jurisdiction.  Williams counters by arguing that

her answer is not an admission by default, thus Defendants have failed to establish the

jurisdictional amount.  Williams' argument is not persuasive.

Diversity jurisdiction is, by Congress's intent, a restrictive form of federal jurisdiction;

to effectuate this intent, removal statutes are construed narrowly by the Court.  Martin v.

Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001).  For removed cases, the

presumption is against removal jurisdiction.  Id. at 1289.  Consequently, "'where [Williams]

and [Defendants] clash about jurisdiction, uncertainties are resolved in favor of remand.'"

Id. at 1290 (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

---

[*] Williams does not dispute that the litigants are of diverse citizenship.

Defendants bear the burden of demonstrating that the requisite amount in controversy is met. Id. Normally, the jurisdictional amount may be established on the face of either Williams' Petition or Defendants' Notice of Removal. Id. Here, however, Defendants concede that the jurisdictional amount cannot be determined from the face of the Petition, as Williams' damages are unspecified in accordance with the Oklahoma Pleading Code. (Defs.' Obj. to Mot. for Remand, Dkt. No. 14, at 3.) Therefore, Defendants must plead sufficient facts in the Notice of Removal to establish the jurisdictional amount by a preponderance of the evidence. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); see Martin, 251 F.3d at 1290. Accord Karnes v. Boeing Co., 335 F.3d 1189, 1194 (10th Cir. 2003). Upon review of the Notice of Removal, the Court finds that there is sufficient evidence to support removal.

A.      Defendants' Request for Admission and the Jurisdictional Amount.

Defendants requested Williams to "Admit that your claims, exclusive of interest and costs, exceed $75,000.00." (Defs.' Notice of Removal, Dkt. No. 1, Ex. H.) In response, Williams submitted the following answer:

> Plaintiff does not have sufficient information to admit or deny this request. Plaintiff has made a reasonable inquiry into the available and known information regarding her damages, but that information is not sufficient to enable her to admit or deny whether these damages will exceed $75,000.00, exclusive of interest and costs, before a jury in this matter. Plaintiff will admit that she alleges her damages exceed $10,000.00 as pled in her petition pursuant to 12 O.S. § 2308(A).

(Id.) Defendants argue that Williams failed to deny the request for admission; therefore, she admitted, by default, that her claims are in excess of $75,000 and remand is inappropriate.

Under the Oklahoma Discovery Code, Defendants' characterization of Williams' answer as a failure to deny is correct:  "The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter."  12 OKLA. STAT. § 3236(A).  Here, "the matter" Defendants asked Williams to admit concerned her <u>claims</u> and whether they exceeded $75,000—not her <u>damages</u>.  Williams' answer does not "fairly meet the substance of the requested admission;" therefore, for purposes of removal, it is conclusively established that her claims are in excess of the jurisdictional amount.  § 3236(B).

B.    <u>Williams' Requested Relief and the Jurisdictional Amount.</u>

In addition to pleading Williams' admission, Defendants also summarize Williams' requested relief in the Notice of Removal—breach of contract with damages in excess of $10,000; bad faith with damages in excess of $10,000; and punitive damages.  Williams' bad faith allegation alone may result in a verdict in excess of the jurisdictional amount.  Furthermore, her allegations may also support a significant punitive damages award.  <u>See</u> 23 OKLA. STAT. § 9.1 (discussing three possible tiers for a punitive damage award).  <u>Cf.</u> <u>Bell v. Preferred Life Assurance Soc'y</u>, 320 U.S. 238, 240-41 (1943) (considering both actual and punitive damages when determining the jurisdictional amount); <u>Woodmen of the World Life Ins. Soc'y v. Manganaro</u>, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount.").  Accordingly, when all facts pleaded in the Notice of Removal are considered, the Court finds that Defendants have established the jurisdictional amount.

-4-

## CONCLUSION

As the litigants are of diverse citizenship and the requisite amount is in controversy, the Court has subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332, to adjudicate this action.  Consequently, Williams' Motion for Remand for Lack of Subject Matter Jurisdiction (Dkt. No. 8) is **DENIED**.

IT IS SO ORDERED this 29th day of April, 2005.

ROBIN J. CAUTHRON
United States District Judge