### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VALARY WILLIAMS, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-05-209-C |
| | ) |
| HORACE MANN INSURANCE COMPANY, a foreign insurance corporation doing business in the State of Oklahoma, and ALLEGIANCE INSURANCE COMPANY, a foreign insurance company doing business in the State of Oklahoma, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

Now before the Court is a Second Motion for Remand for Lack of Subject Matter Jurisdiction filed by Plaintiff Valary Williams (Williams). Defendants Horace Mann Insurance Company and Allegiance Insurance Company (Defendants) failed to file a response within the appropriate time frame. The Court, upon consideration of the applicable law, now **GRANTS** Williams' Second Motion for Remand for Lack of Subject Matter Jurisdiction.

#### BACKGROUND

Williams originally filed suit in the District Court of Kay County, State of Oklahoma, seeking damages for breach of contract, bad faith, and punitive damages. Relying on 28 U.S.C. §§ 1441 and 1446(b), Defendants timely removed the suit to the United States District

Court for the Western District of Oklahoma upon their receipt of Williams' responses to Defendants' request for admissions. In an order dated April 29, 2005, the Court denied Williams' first motion for remand on the ground that her failure to specifically deny Defendants' request to admit that her claims exceeded $75,000.00 established that the Court had subject matter jurisdiction under the diversity statute, 28 U.S.C. § 1332.[*] (Dkt. No. 15.) Subsequently, Williams filed a stipulation of fact wherein she states that she does not seek damages in excess of $75,000.00. (Dkt. No. 16.)

## DISCUSSION

Williams argues that her stipulation demonstrates that the Court lacks diversity jurisdiction; therefore, she moves the Court to remand the action to state court. Williams' argument is persuasive.

Diversity jurisdiction is, by Congress' intent, a restrictive form of federal jurisdiction; to effectuate this intent, removal statutes are construed narrowly by the Court. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289-90 (10th Cir. 2001). For removed cases, the presumption is against removal jurisdiction. Id. at 1289. Consequently, "uncertainties are resolved in favor of remand." Id. at 1290 (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

The point in time at which the Court looks to determine removal jurisdiction predicated upon the diversity statute is when Williams filed the case in state court.

---

[*] In Williams' first motion to remand she only contested the requisite amount in controversy.

Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 390 (1998).  Once diversity jurisdiction attaches to the removed action, subsequent change in either the litigants' citizenship or the reduction of the amount in controversy beneath the jurisdictional amount will not divest the Court of jurisdiction.  Id. at 391; St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); Yulee v. Vose, 99 U.S. 539, 542 (1878).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Here, because Defendants failed to respond to Williams' motion, the Court deems her motion confessed.  LCvR7.2(g).  Under the unique factual circumstances of this action, the Court considers Williams' stipulation as a clarification of a previously insufficient answer in response to Defendants' request for admission.  Construed as an amendment, Plaintiff's stipulation is remedial; moreover, due to the early stage of the litigation as well as Defendants' confession of Williams' motion, the Court is unconvinced that Defendants will suffer prejudice in maintaining any defenses on the merits.  Fed. R. Civ. P. 36(b).  Accordingly, the Court finds that Williams' stipulation is a subsequent revelation demonstrating to a legal certainty that the requisite amount was not in controversy at the time of her filing the action in state court, Watson v. Blankinship, 20 F.3d 383, 387 (10th Cir. 1994); therefore, the Court lacks subject matter jurisdiction under the diversity statute.

The Court lacks the judicial power to adjudicate this action; therefore, Williams' Second Motion to Remand for Lack of Subject Matter Jurisdiction (Dkt. No. 17) is

**GRANTED**.  The Clerk of the Court shall take all necessary action to **REMAND** this case to the District Court of Kay County, State of Oklahoma, without delay.

IT IS SO ORDERED this 6th day of September, 2005.

_____
ROBIN J. CAUTHRON
United States District Judge